**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 50**

Docket No. AT-0752-13-0507-I-1

**Joshua R. Marcantel,**

**Appellant,**

**v.**

**Department of Energy,**

**Agency.**

July 15, 2014

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Jonathan R. Buckner, Albuquerque, New Mexico, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of an initial decision that dismissed his appeal as untimely filed without a showing of good cause for the delay.  For the following reasons, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2      The following relevant facts are not in dispute.  Effective March 14, 2013, the agency removed the appellant from his Nuclear Materials Courier position for failure to maintain a condition of employment, namely his "Q" access

authorization (security clearance). Initial Appeal File (IAF), Tab 6, Subtab 4b. The agency provided a certified mail return receipt, indicating that an individual, later determined to be the appellant's father, had signed for the decision letter at the appellant's address of record on March 16, 2013. *Id.* at 4. The appellant filed his Board appeal on April 29, 2013. IAF, Tab 1. The administrative judge issued an initial decision that dismissed the appeal as untimely filed without a showing of good cause for the delay. IAF, Tab 15, Initial Decision (ID).

¶3     The appellant has filed a petition for review and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant appears to challenge only the administrative judge's conclusion that the appeal was untimely filed. The appellant concedes that the agency mailed the decision letter to his address of record, but he argues that: (1) this address was his father's house in LaFayette, Louisiana, and he did not reside there; (2) the appellant was at work at an off-shore oil rig in the Gulf of Mexico from March 5, 2013, until March 19, 2013; (3) the appellant returned to his actual residence in Knoxville, Tennessee on March 19, 2013; (4) his father was not his designated agent; and (5) his father did not notify him of the delivery until March 28, 2013, when he returned to his father's house. PFR File, Tab 1 at 2-3. He contends that he rebutted the presumption of delivery because he did not receive the notice until March 28, 2013. *Id.* at 6. He further argues that the administrative judge conflated concepts under the Board's applicable regulations concerning the time limit for filing an appeal. *Id.* at 4.

## ANALYSIS

### The appeal was untimely filed.

¶4     The appellant bears the burden to prove by preponderant evidence that his appeal was timely filed. 5 C.F.R. § 1201.56(a)(2)(ii). A removal appeal must be filed no later than 30 days after the effective date, if any, of the action being

appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).

¶5        The Board's regulation regarding an appellant's obligation to keep the agency informed of his address for purposes of receiving an agency decision, 5 C.F.R. § 1201.22(b)(3), went into effect on November 13, 2012, and is applicable to this matter.  *See* Merit Systems Protection Board Practices and Procedures, 77 Fed. Reg. 62350, 62352 (Oct. 12, 2012) (stating that the regulation became effective November 13, 2012).   The regulation reads as follows:

> An appellant is responsible for keeping the agency informed of his or her current home address for purposes of receiving the agency's decision, and correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee.  While such a presumption may be overcome under the circumstances of a particular case, an appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service.  The appellant may also be deemed to have received the agency's decision if it was received by a designated representative or a person of suitable age and discretion residing with the appellant.

5 C.F.R. § 1201.22(b)(3).   The rule also includes illustrative examples of circumstances in which an appellant may be deemed to have received an agency decision, including an appellant who fails to pick up mail delivered to his post office box and a roommate's receipt of an agency decision.  *Id.*, Examples A, C.

¶6        The appellant, through his attorney,[1] stated below that he (the appellant) was working on an off-shore oil rig in the Gulf of Mexico at the time his removal

---

[1] The appellant's attorney explained below that the appellant had been working on an oil rig in the Gulf of Mexico and that he (the attorney) was unable to contact the appellant to obtain a sworn declaration attesting to his receipt of the agency's decision letter.  IAF, Tab 11 at 2-3.  The statements of a party's representative in a pleading do not constitute evidence.  *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168

was effected.  IAF, Tab 11 at 2.  Although the appellant does not dispute that he provided his father's address to the agency for the purpose of receiving correspondence, PFR File, Tab 1 at 4, he explained below that he did not return to his father's address and did not personally receive the notice of decision until March 28, 2013, IAF, Tab 11 at 2.  The appellant further asserted that April 29, 2013, was the first business day following the 30th day after service on March 28, 2013, and thus, his appeal was timely filed.  *Id.*

¶7        We are not persuaded by the appellant's arguments on review.  In particular, the record does not support the appellant's assertion that he rebutted the presumption that the letter was "delivered to the addressee" as set forth in 5 C.F.R. § 1201.22(b)(3) because he did not actually receive the letter or have notice of its contents until March 28, 2013.  Importantly, the agency properly sent the decision letter to the appellant's address of record, and the appellant's father signed the certified mail return receipt for the notice on the appellant's behalf on March 16, 2013.  *See* IAF, Tab 6, Subtab 4b at 4.  We find that this service constitutes receipt by the appellant pursuant to 5 C.F.R. § 1201.22(b)(3).

¶8        The appellant's claim that he had "no notice of impending delivery," PFR File, Tab 1 at 7, is inconsistent with the fact that he was on notice that the agency might render a decision on the proposed removal, which had been issued in October 2012, *see* IAF, Tab 6, Subtab 4f.  Moreover, the record reflects that, due to the ongoing issues regarding his "Q" access authorization dating as far back as February 2012, the appellant secured employment on an off-shore oil rig in the Gulf of Mexico during the 2012-2013 time frame.  *See* IAF, Tab 13 at 3; *see also* IAF, Tab 6, Subtabs 4g-4l (documentation regarding the revocation of the appellant's access authorization and his indefinite suspension based on the revocation of his access authorization).  Thus, having been aware that the agency

(1995).  Even if the appellant could prove the assertions made by his attorney, such assertions do not change our analysis of the timeliness issue.

would likely issue a decision on the proposed removal while he was working on the off-shore oil rig, the appellant provided his father's address to the agency for correspondence, and he cannot now assert that the agency's delivery of the decision letter to that address, and his father's signature on the certified mail receipt, does not constitute effective receipt for purposes of the filing time limit in 5 C.F.R. § 1201.22.

¶9    The Board's regulations further provide that "an appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service." 5 C.F.R. § 1201.22(b)(3). Example A in the regulation highlights that an appellant may be deemed to have received an agency decision when he fails to pick up mail delivered to his post office box. Here, as noted above, the appellant used his father's address as his address of record while working off-shore. The agency properly sent the notice to that address. The appellant returned to his home from the off-shore assignment on March 19, 2013, and then waited until March 28, 2013, before talking with his father and learning of the delivery of the letter. PFR File, Tab 1 at 1. Thus, regardless of appellant's claims that his father was not his designated representative and that he did not reside with his father, PFR File, Tab 1 at 4-6, we find that he constructively received the letter on March 16, 2013, because his failure to timely retrieve or otherwise learn of his mail cannot be used to frustrate the actual service of the decision.[2] Moreover, even if we accept that the appellant was unable to receive the decision until his return on March 19, 2013, his April 29, 2013 Board appeal was still untimely filed by 10 days.

---

[2] We have considered the appellant's remaining arguments on review but none warrant a different outcome.

**The appellant has not shown good cause for the delay in filing his appeal.**

¶10    The Board may waive its regulatory filing time limit for good cause shown. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶11    The appellant has not demonstrated good cause. Importantly, a 14-day delay is not minimal. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004). Moreover, the appellant was represented by counsel. Even if we credit the appellant's assertion that he returned to his father's home on March 28, 2013, and thus, had no actual notice of the decision letter until that date, he has not sufficiently explained why he did not file a Board appeal within the first 2 weeks after receiving that correspondence. Indeed, if he had filed his appeal on or before April 15, 2013, timeliness would not have been an issue in this matter. Finally, he has presented no evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune related to the filing of his Board appeal.

¶12    For these reasons, we affirm the administrative judge's decision to dismiss the appeal as untimely filed with no showing of good cause for the delay.

ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____

William D. Spencer
Clerk of the Board
Washington, D.C.